Douglas L. Stuart, State Bar No. 131480
TAKEHARA & STUART, LLP
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone:    310.260.6971
dougstuart@sbcglobal.net

Attorneys for Defendant Boutique Air, Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BOUTIQUE AIR, INC.<br><br>    Defendant. | CASE NO.: 25-cv-7201<br><br>**ANSWER TO COMPLAINT** |

Comes now Defendant Boutique Air, Inc. and in answer to the complaint on file herein, admits, denies and alleges as follows:

## INTRODUCTION

1.      Defendant has no information or belief to enable it to answer said allegations and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

2.      Defendant avers that this lawsuit speaks for itself and that this paragraph 2 asserts a legal position which does not require a response. To the extent a response is required, Defendant denies that there is legal or factual merit to any of Plaintiffs' claims in the Complaint.

3.	Defendant avers that this lawsuit speaks for itself and that this paragraph 3 asserts a legal position which does not require a response. To the extent a response is required, Defendant denies that there is legal or factual merit to any of Plaintiffs' claims in the Complaint.

**PARTIES**

4.	Defendant avers that this lawsuit speaks for itself and that this paragraph 4 asserts a legal position which does not require a response. To the extent a response is required, Defendant denies that there is legal or factual merit to any of Plaintiffs' claims in the Complaint.

5.	Defendant admits the allegations contained in paragraph 5.

**JURISDICTION, VENUE, AND DIVISIONAL ASSIGNMENT**

6.	Defendant admits that this court has subject matter jurisdiction over this action and that venue is proper in the Northern District of California. Defendant denies both generally and specifically all other allegations contained in paragraph 6.

7.	Defendant admits the allegations contained in paragraph 7.

**BOUTIQUE AIR'S SYSTEMIC NONCOMPLIANCE WITH DRUG AND ALCOHOL TESTING REQUIREMENTS**

8.	Defendant admits the allegations contained in paragraph 8.

9.	Defendant admits the allegations contained in paragraph 9.

10.	Defendant admits the allegations contained in paragraph 10.

11.	Defendant avers that this lawsuit speaks for itself and that this paragraph 11 asserts a legal position which does not require a response. To the extent a response is required, Defendant denies that there is legal or factual merit to any of Plaintiffs' claims in the Complaint.

12.	Defendant avers that this lawsuit speaks for itself and that this paragraph 12 asserts a legal position which does not require a response. To the extent a response is required,

Defendant denies that there is legal or factual merit to any of Plaintiffs' claims in the Complaint.

13. Defendant avers that this lawsuit speaks for itself and that this paragraph 13 asserts a legal position which does not require a response. To the extent a response is required, Defendant denies that there is legal or factual merit to any of Plaintiffs' claims in the Complaint.

14. Defendant admits the allegations contained in paragraph 14.

15. In answer to the allegations of paragraph 15 of the complaint, this Defendant denies the allegations contained therein.

16. Defendant admits that it hired R.H. as a mechanic on or about July 13, 2020, that R.H.'s resume showed previous employment with at least one DOT-regulated employer with the two-year period prior to R.H.'s application for employment, that R.H. performed a safety-sensitive function for Boutique Air on July 24, 2020 and continued to perform safety sensitive function for Boutique Air after 30 days. Defendant denies both generally and specifically all other allegations contained in paragraph 16.

17. Defendant admits that it hired G.M. as a mechanic, that G.M.'s resume showed previous employment with at least one DOT-regulated employer with the two-year period prior to G.M.'s application for employment, that G.M. performed a safety-sensitive function for Boutique Air on August 7, 2020 and continued to perform safety sensitive function for Boutique Air after 30 days. Defendant denies both generally and specifically all other allegations contained in paragraph 17.

18. Defendant admits that it hired A.J. as a mechanic on or about August 10, 2020, that A.J.'s resume showed previous employment with at least one DOT-regulated employer with the two-year period prior to A.J.'s application for employment, that A.J. performed a safety-sensitive function for Boutique Air on or about August 23, 2020 and continued to perform safety sensitive function for Boutique Air after 30 days. Defendant denies both generally and specifically all other allegations contained in paragraph 18.

19. Defendant admits that it hired E.B. as a mechanic on or about September 16, 2020, that E.B.'s resume showed previous employment with at least one DOT-regulated employer with the two-year period prior to E.B.'s application for employment, that E.B. performed a safety-sensitive function for Boutique Air on September 29, 2020 and continued to perform safety sensitive function for Boutique Air after 30 days. Defendant denies both generally and specifically all other allegations contained in paragraph 19.

20. Defendant admits that it hired A.B. as a mechanic on or about September 21, 2020, that A.B.'s resume showed previous employment with at least one DOT-regulated employer with the two-year period prior to A.B.'s application for employment, that A.B. performed a safety-sensitive function for Boutique Air on or about October 7, 2020 and continued to perform safety sensitive function for Boutique Air after 30 days. Defendant denies both generally and specifically all other allegations contained in paragraph 20.

21. Defendant admits that it hired K.W. as a mechanic on or about September 14, 2020, that K.W.'s resume showed previous employment with at least one DOT-regulated employer with the two-year period prior to K.W.'s application for employment, that K.W. performed a safety-sensitive function for Boutique Air on or about October 4, 2020 and continued to perform safety sensitive function for Boutique Air after 30 days. Defendant denies both generally and specifically all other allegations contained in paragraph 21.

22. Defendant admits that it hired A.B. as a mechanic on or about September 29, 2020, that A.B.'s resume showed previous employment with at least one DOT-regulated employer with the two-year period prior to A.B.'s application for employment, that A.B. performed a safety-sensitive function for Boutique Air on or about October 18, 2020 and continued to perform safety sensitive function for Boutique Air after 30 days. Defendant denies both generally and specifically all other allegations contained in paragraph 22.

23. Defendant admits that it hired G.R. as a mechanic on or about October 10, 2020, that G.R.'s resume showed previous employment with at least one DOT-regulated employer with the two-year period prior to G.R.'s application for employment, that G.R. performed a safety-sensitive function for Boutique Air on or about November 6, 2020 and continued to

1  perform safety sensitive function for Boutique Air after 30 days. Defendant denies both
2  generally and specifically all other allegations contained in paragraph 23.

3     24.   Defendant admits that it hired A.W. as a mechanic on or about November 9, 2020,
4  that A.W.'s resume showed previous employment with at least one DOT-regulated employer
5  with the two-year period prior to A.W.'s application for employment, that A.W. performed a
6  safety-sensitive function for Boutique Air on or about November 10, 2020 and continued to
7  perform safety sensitive function for Boutique Air after 30 days. Defendant denies both
8  generally and specifically all other allegations contained in paragraph 24.

9     25.   Defendant admits that it hired K.C. as a mechanic on or about October 18, 2020,
10 that K.C.'s resume showed previous employment with at least one DOT-regulated employer
11 with the two-year period prior to K.C.'s application for employment, that K.C. performed a
12 safety-sensitive function for Boutique Air on or about December 9, 2020 and continued to
13 perform safety sensitive function for Boutique Air after 30 days. Defendant denies both
14 generally and specifically all other allegations contained in paragraph 25.

15    26.   Defendant admits that it hired C.K. as a pilot on or about January 12, 2021, that
16 C.K.'s resume showed previous employment with at least one DOT-regulated employer with
17 the two-year period prior to C.K.'s application for employment, that C.K. performed a safety-
18 sensitive function for Boutique Air on or about February 4, 2021 and continued to perform
19 safety sensitive function for Boutique Air after 30 days. Defendant denies both generally and
20 specifically all other allegations contained in paragraph 26.

21    27.   Defendant admits that it hired R.E. as a mechanic on or about February 15, 2021,
22 that R.E.'s resume showed previous employment with at least one DOT-regulated employer
23 with the two-year period prior to R.E.'s application for employment, that R.E. performed a
24 safety-sensitive function for Boutique Air on or about March 13, 2021 and continued to perform
25 safety sensitive function for Boutique Air after 30 days. Defendant denies both generally and
26 specifically all other allegations contained in paragraph 27.

27    28.   Defendant admits that it hired N.F. as a mechanic on or about April 5, 2021, that
28 N.F.'s resume showed previous employment with at least one DOT-regulated employer with the

two-year period prior to N.F.'s application for employment, that N.F. performed a safety-sensitive function for Boutique Air on or about April 5, 2021 and continued to perform safety sensitive function for Boutique Air after 30 days. Defendant denies both generally and specifically all other allegations contained in paragraph 28.

29. Defendant admits that it hired D.J. as a mechanic on or about March 15, 2021, that D.J.'s resume showed previous employment with at least one DOT-regulated employer with the two-year period prior to D.J.'s application for employment, that D.J. performed a safety-sensitive function for Boutique Air on or about April 13, 2021 and continued to perform safety sensitive function for Boutique Air after 30 days. Defendant denies both generally and specifically all other allegations contained in paragraph 29.

30. Defendant admits that it hired J.L. as a mechanic on or about April 26, 2021, that J.L.'s resume showed previous employment with at least one DOT-regulated employer with the two-year period prior to J.L.'s application for employment, that J.L. performed a safety-sensitive function for Boutique Air on or about April 23, 2021 and continued to perform safety sensitive function for Boutique Air after 30 days. Defendant denies both generally and specifically all other allegations contained in paragraph 30.

31. Defendant admits that it hired C.R. as a mechanic on or about March 22, 2021, that C.R.'s resume showed previous employment with at least one DOT-regulated employer with the two-year period prior to C.R.'s application for employment, that C.R. performed a safety-sensitive function for Boutique Air on or about April 22, 2021 and continued to perform safety sensitive function for Boutique Air after 30 days. Defendant denies both generally and specifically all other allegations contained in paragraph 31.

32. Defendant admits that it hired K.H. on or about April 27, 2021.  Defendant denies both generally and specifically all other allegations contained in paragraph 32, in particular that she was employed as a ground security coordinator or in a safety-sensitive position.

33. Defendant admits that it hired B.M. as a mechanic on or about June 7, 2021, that B.M.'s resume showed previous employment with at least one DOT-regulated employer with the two-year period prior to B.M.'s application for employment, that B.M. performed a safety-

sensitive function for Boutique Air on or about June 8, 2021 and continued to perform safety sensitive function for Boutique Air after 30 days. Defendant denies both generally and specifically all other allegations contained in paragraph 33.

34. Defendant admits that it hired M.L. as a mechanic on or about June 14, 2021, that M.L.'s resume showed previous employment with at least one DOT-regulated employer with the two-year period prior to M.L.'s application for employment, that M.L. performed a safety-sensitive function for Boutique Air on or about June 26, 2021 and continued to perform safety sensitive function for Boutique Air after 30 days. Defendant denies both generally and specifically all other allegations contained in paragraph 34.

35. Defendant admits that it hired B.M. as a pilot on or about June 15, 2021, that B.M.'s resume showed previous employment with at least one DOT-regulated employer with the two-year period prior to B.M.'s application for employment, that B.M. performed a safety-sensitive function for Boutique Air on or about July 20, 2021 and continued to perform safety sensitive function for Boutique Air after 30 days. Defendant denies both generally and specifically all other allegations contained in paragraph 35.

36. Defendant admits that it hired J.S. as a mechanic on or about August 10, 2021, that J.S.'s resume showed previous employment with at least one DOT-regulated employer with the two-year period prior to J.S.'s application for employment, that J.S. performed a safety-sensitive function for Boutique Air on or about August 25, 2021 and continued to perform safety sensitive function for Boutique Air after 30 days. Defendant denies both generally and specifically all other allegations contained in paragraph 36.

**THE FAA'S INVESTIGATION AND ISSUANCE OF A CIVIL PENALTY LETTER**

37. Defendant admits that the FAA's Drug Abatement Division conducted an inspection, issued a report, and concluded that Defendant allowed specified safety-sensitive employees to continue to perform safety-sensitive functions after 30 days had elapsed without receiving or making a good faith effort to obtain their previous drug and alcohol testing records from previous employers, and that the FAA requested a written explanation from Defendant as

1  to how it would correct the enumerated issues. Defendant denies both generally and specifically all other allegations contained in paragraph 37.

38. Defendant admits that it responded to the FAA's report of inspection. Defendant has no information or belief to enable it to answer the remaining allegations and for that reason, and basing its denial on that ground, denies both generally and specifically, the remaining allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendant admits that the FAA issued letter to Boutique Air that closed out some of the issues investigated. Defendant has no information or belief to enable it to answer the remaining allegations and for that reason and basing its denial on that ground, denies both generally and specifically, the remaining allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendant admits that the FAA issued a letter to Boutique Air outlining the FAA's basis for concluding that Defendant violated 49 C.F.R. §40.25(d) on more than twenty occasions and seeking a civil penalty. Defendant denies, both generally and specifically, the truth of the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendant admits that it claimed to have documentation of its compliance with 49 C.F.R. §40.25(d) for six of the employees. Defendant has no information or belief to enable it to answer the remaining allegations and for that reason and basing its denial on that ground, denies both generally and specifically, the remaining allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendant has no information or belief to enable it to answer the allegations contained in paragraph 42 of Plaintiff's Complaint, and for that reason and basing its denial on that ground, denies both generally and specifically, each and every, all and singular, the allegations contained therein.

43. Defendant admits that it has not paid any amount in penalty for the allegations set forth in Plaintiff's Complaint. Defendant has no information or belief to enable it to answer the remaining allegations and for that reason and basing its denial on that ground, denies both

generally and specifically, the remaining allegations contained in paragraph 43 of Plaintiff's Complaint.

## PENALTY CALCULATION

44. Defendant avers that this lawsuit speaks for itself and that this paragraph 44 asserts a legal position which does not require a response. To the extent a response is required, Defendant denies that there is legal or factual merit to the allegations contained therein.

45. Defendant avers that this lawsuit speaks for itself and that this paragraph 45 asserts a legal position which does not require a response. To the extent a response is required, Defendant denies that there is legal or factual merit to the allegations contained therein.

46. Defendant avers that this lawsuit speaks for itself and that this paragraph 46 asserts a legal position which does not require a response. To the extent a response is required, Defendant denies that there is legal or factual merit to the allegations contained therein.

47. Defendant avers that this lawsuit speaks for itself and that this paragraph 47 asserts a legal position which does not require a response. To the extent a response is required, Defendant denies that there is legal or factual merit to the allegations contained therein.

48. Defendant avers that this lawsuit speaks for itself and that this paragraph 48 asserts a legal position which does not require a response. To the extent a response is required, Defendant denies that there is legal or factual merit to the allegations contained therein.

49. Defendant avers that this lawsuit speaks for itself and that this paragraph 44 asserts a legal position which does not require a response. To the extent a response is required, Defendant denies that there is legal or factual merit to the allegations contained therein.

50. Defendant avers that this lawsuit speaks for itself and that this paragraph 44 asserts a legal position which does not require a response. To the extent a response is required, Defendant denies that there is legal or factual merit to the allegations contained therein.

## CAUSE OF ACTION

51. Defendant incorporates by reference its responses to paragraphs 1-50 above.

52. Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

53. Defendant admits that between August 26, 2020 and September 29, 2021, it authorized its employees to perform safety-sensitive functions beyond 30 days from the date on which they first began performing those functions. Defendant denies, both generally and specifically, the remaining allegations contained in paragraph 53 of Plaintiff's Complaint.

54. Defendant denies that there is legal or factual merit to the allegations contained in Paragraph 54 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint does not state facts sufficient to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. This answering Defendant acted in good faith and with a reasonable belief that its actions were lawful.

### THIRD AFFIRMATIVE DEFENSE

3. Defendant is informed and believes that the complaint and each cause of action thereof is barred by the doctrines of laches, unclean hands, waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims may be barred, in whole or in part, because Boutique Air, Inc. complied with all applicable laws, including those set forth in the Aeronautics Regulations of Title 14, Parts 1 to 1399 of the United States Code of Federal Regulations, as amended.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendant hereby gives notice that it intends to rely upon any other defenses that may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend its answer to assert any such defenses.

WHEREFORE, Defendant Boutique Air, Inc. prays that:

1. Plaintiff take nothing by way of the Complaint on file herein;
2. Judgment be entered in favor of Boutique Air, Inc. and against Plaintiff on all causes of action;
3. Boutique Air, Inc. be awarded its costs and attorneys' fees incurred herein; and
4. For such other and further relief as the court deems proper.

DATED:   October 27, 2025            By:   TAKEHARA & STUART, LLP

*Douglas L. Stuart*

Douglas L. Stuart
Attorneys for Defendant Boutique Air, Inc.

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 100 Wilshire Blvd., Suite 700, Santa Monica, California 90401.

On October 27, 2025, I served the following document(s) described as

**ANSWER TO COMPLAINT**

on the interested parties in this action as follows:

| | |
|---|---|
| Sapna Mehta, Esq. | Michelle Lo, Esq. |
| Assistant United States Attorney | Assistant United States Attorney |
| 450 Golden Gate Avenue, Box 36055 | 450 Golden Gate Avenue, Box 36055 |
| San Francisco, CA 94102-3495 | San Francisco, CA 94102-3495 |
| Sapna.mehta@usdoj.gov | Michelle.Lo@usdoj.gov |

(BY U.S. MAIL)  By placing the document listed above in a sealed envelope with postage thereon fully prepaid and causing the envelope deposited the same day in a US postal service box in Los Angeles, California.

☑ (BY E-MAIL)  By transmitting the documents listed above to the e-mail addresses set forth above.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on October 27, 2025 at Los Angeles, California.

/s/ Douglas L. Stuart
Douglas L. Stuart